**JCL LAW FIRM, APC**
Jean-Claude Lapuyade (State Bar #248676)
jlapuyade@jcl-lawfirm.com
Sydney Castillo-Johnson (State Bar #343881)
scastillo@jcl-lawfirm.com
John L. Nitti (State Bar #330752)
jnitti@jcl-lawfirm.com
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
shani@zakaylaw.com
Jaclyn Joyce (State Bar #285124)
jaclyn@zakaylaw.com
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 255-9047

Attorneys for PLAINTIFF

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

EULALIO CORTES, an individual, on behalf of Plaintiff, and on behalf of all persons similarly situated,

Plaintiff,

v.

SO. CAL PETROLEUM TRANSPORT, INC. d.b.a. SUPERIOR TANK LINES, a California corporation, and DOES 1-50, Inclusive,

Defendants.

Case No: 5:25-cv-01750-SRM (DTBx)

**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**

1) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §17200 *et seq*;
2) FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;
3) FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
4) FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF

CAL. LAB. CODE §§ 201, 202 AND 203;
5) FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;
6) FAILURE TO PERMIT INSPECTION OF EMPLOYEE RECORDS IN VIOLATION OF CAL. LAB. CODE § 1198.5.

**DEMAND FOR A JURY TRIAL**

PLAINTIFF EULALIO CORTES ("PLAINTIFF"), an individual, on behalf of PLAINTIFF and all other similarly situated current and former employees, alleges on information and belief, except for their own acts and knowledge which are based on personal knowledge, the following:

**PRELIMINARY ALLEGATIONS**

1. Defendant SO. CAL PETROLEUM TRANSPORT, INC. d.b.a. SUPERIOR TANK LINES ("Defendant") is a California corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2. DEFENDANT owns and operates a fuel transport business in California, including in the County of San Bernardino, where PLAINTIFF worked.

3. PLAINTIFF was employed by DEFENDANT in California from July of 2011 to November of 2024, as a non-exempt employee, paid on an hourly basis, and entitled to the legally required payment of minimum wages due for all time worked.

4. PLAINTIFF brings this Class Action on behalf of PLAINTIFF and a California class, defined as all persons who are or previously were employed by Defendant in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years

prior to the filing of the original Complaint and ending on the date as determined by the Court (the "CLASS PERIOD"). The amount in controversy for the aggregate claim of the CALIFORNIA CLASS members is under five million dollars ($5,000,000.00).

5. PLAINTIFF brings this Class Action on behalf of PLAINTIFF and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CLASS PERIOD caused by DEFENDANT'S uniform policy and practice which failed to lawfully compensate these employees. DEFENDANT'S uniform policy and practice alleged herein was an unlawful, unfair, and deceptive business practice whereby DEFENDANT retained and continues to retain wages due to PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT'S past and current unlawful conduct, and all other appropriate legal and equitable relief.

6. The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of DEFENDANT DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these defendants by such fictitious names pursuant to Fed. R. Civ. Proc. 17. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of DEFENDANT DOES 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the DEFENDANT named in this Complaint, including DEFENDANTS DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

7. The agents, servants and/or employees of DEFENDANT and each of them acting on behalf of DEFENDANT acted within the course and scope of his, her or its authority as the agent, servant and/or employee of DEFENDANT, and personally participated in the conduct alleged herein on behalf of the DEFENDANT with respect to the conduct alleged herein. Consequently, the acts of each DEFENDANT are legally attributable to the other DEFENDANT and all DEFENDANT are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the DEFENDANT'S agents, servants and/or employees.

8. DEFENDANT was PLAINTIFF'S employer or persons acting on behalf of PLAINTIFF'S employer, within the meaning of California Labor Code Section 558, who violated or caused to be violated, a Section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to civil penalties for each underpaid employee, as set forth in Labor Code Section 558, at all relevant times.

9. DEFENDANT was PLAINTIFF'S employer or persons acting on behalf of PLAINTIFFS' employer either individually or as an officer, agent, or employee of another person, within the meaning of California Labor Code Section 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by California state law, and as such, are subject to civil penalties for each underpaid employee.

10. DEFENDANT'S uniform policies and practices alleged herein were unlawful, unfair, and deceptive business practices whereby DEFENDANT retained and continues to retain wages due to PLAINTIFF and other members of the CALIFORNIA CLASS.

11. PLAINTIFF and other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the

named PLAINTIFF and other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT'S past and current unlawful conduct, and all other appropriate legal and equitable relief.

**JURISDICTION AND VENUE**

12. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

13. Venue is proper in this Court pursuant to 18 U.S.C. § 1391 because (i) DEFENDANT conduct and conducted substantial business within this judicial district and maintains offices in this judicial district, (ii) the causes of action alleged herein arise in whole or in part in this judicial district, and (iii) DEFENDANT committed wrongful conduct against member of the class in this district.

**THE CONDUCT**

14. In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice, and procedure, intentionally, knowingly, and systematically failed to pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS for off-the-clock work, failed to pay PLAINTIFF and the other members of the CALIFORNIA CLASS redeemed sick pay at the regular rate of pay, failed to reimburse PLAINTIFF and the other members of the CALIFORNIA CLASS for business expenses, and failed to issue to PLAINTIFF and the other members of the CALIFORNIA CLASS with accurate itemized wage statements showing, among other things, all applicable hourly rates in effect during the pay periods and the corresponding amount of time worked at each hourly rate. DEFENDANT's uniform policies and practices are intended to purposefully avoid the accurate and full payment for all time worked as required by California law which allows DEFENDANT to illegally profit and gain an unfair

advantage over competitors who comply with the law. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CLASS PERIOD should be adjusted accordingly.

**C. Unreimbursed Business Expenses**

15. DEFENDANT as a matter of corporate policy, practice, and procedure, intentionally, knowingly, and systematically failed to reimburse and indemnify the PLAINTIFF and the other CALIFORNIA CLASS members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. California Labor Code Section 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

16. In the course of their employment, DEFENDANT required PLAINTIFF and other CALIFORNIA CLASS members to incur personal expenses for the use of their personal cell phones as a result of and in furtherance of their job duties. Specifically, PLAINTIFF and other CALIFORNIA CLASS members were required to use their personal cell phones in order to perform work related tasks. However, DEFENDANT unlawfully failed to reimburse PLAINTIFF and other CALIFORNIA CLASS members for the use of their personal cell phones. As a result, in the course of their employment with DEFENDANT, the PLAINTIFF and other CALIFORNIA CLASS members incurred unreimbursed business expenses that included, but were not limited to, costs related to the use of their personal cell phones all on behalf of and for the benefit of DEFENDANT.

**D. Wage Statement Violations**

17. California Labor Code Section 226 required an employer to furnish its employees an accurate itemized wage statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of the employee's social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

18. DEFENDANT from time to time provided PLAINTIFF and the CALIFORNIA CLASS members with wage statements that included items such as Paid Time Off hours into the calculation of total hours worked. However, Paid Time Off hours are not "hours worked" for purposes of California Labor Code Section 226(a)(2). As such, DEFENDANT from time to time failed to provide PLAINTIFF and the CALIFORNIA CLASS members with wage statements that accurately provided the total hours worked, in violation of California Labor code Section 226(a)(2).

19. In addition to the foregoing, DEFENDANT, from time to time, failed to provide PLAINTIFF and the CALIFORNIA CLASS Members with wage statements that comply with California Labor Code Section 226.

20. As a result, DEFENDANT issued PLAINTIFF and other CALIFORNIA CLASS members with wage statements that violate California Lab. Code § 226(a)(1)-(9). Further, DEFENDANT'S violations are knowing and intentional, and were not isolated due to an unintentional payroll error due to clerical or inadvertent mistake.

**E. Off-the-Clock Work Resulting in Minimum Wage Violations**

21. During the CLASS PERIOD, from time-to-time DEFENDANT failed and continues to fail to accurately pay PLAINTIFF and other members of the CALIFORNIA CLASS for all hours worked.

22. During the CLASS PERIOD, from time-to-time DEFENDANT required PLAINTIFF and other members of the CALIFORNIA CLASS to perform pre-shift or post-shift work, including but not limited to, sending and receiving work-related communications, performing keyholder duties, unlocking and reopening gates, and performing security sweeps. This resulted in PLAINTIFF and other CALIFORNIA CLASS members having to work while off-the-clock.

23. DEFENDANT also required PLAINTIFF and other members of the California Class to work while clocked out during what was supposed to be PLAINTIFFS' off-duty meal break. Further, DEFENDANT from time to time required PLAINTIFF and other CALIFORNIA CLASS members to maintain cordless communication devices in order to receive and respond to work-related communications during what was supposed to be their off-duty meal breaks.

24. DEFENDANT directed and directly benefited from the undercompensated off-the-clock work performed by PLAINTIFF and the other CALIFORNIA CLASS members.

25. DEFENDANT controlled the work schedules, duties, and protocols, applications, assignments, and employment conditions of PLAINTIFF and the other CALIFORNIA CLASS members.

26. DEFENDANT was able to track the amount of time PLAINTIFF and the other members of the CALIFORNIA CLASS spent working; however, DEFENDANT failed to document, track, or pay PLAINTIFF and the other members of the CALIFORNIA CLASS all wages earned and owed for all the work they performed.

27. PLAINTIFF and the other members of the CALIFORNIA CLASS were non-exempt employees, subject to the requirements of the California Labor Code.

28. DEFENDANT'S policies and practices deprived PLAINTIFF and the other CALIFORNIA CLASS members of all minimum regular wages owed for the off-the-clock work activities.

29. DEFENDANT knew or should have known that PLAINTIFF'S and the other CALIFORNIA CLASS members' off-the-clock work was compensable under the law.

30. As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS forfeited wages due to them for all hours worked at DEFENDANT'S direction, control, and benefit for the time spent working while off-the-clock, including but not limited to, sending and receiving work-related communications, unlocking and reopening gates, and performing security sweeps. DEFENDANT'S uniform policy and practice to not pay PLAINTIFF and the members of the CALIFORNIA CLASS wages for all hours worked in accordance with applicable law is evidenced by DEFENDANT's business records.

**F. Regular Rate Violation –Redeemed Sick Pay**

31. From time to time during the CLASS PERIOD, DEFENDANT failed and continues to fail to accurately calculate and pay PLAINTIFF and the other CALIFORNIA CLASS members for their redeemed sick pay. As a result, PLAINTIFF and the other CALIFORNIA CLASS members forfeited wages due to them for redeemed sick pay. DEFENDANT'S uniform policy and practice not to pay the CALIFORNIA CLASS members at the correct rate for all sick pay in accordance with applicable law is evidenced by DEFENDANT'S business records.

32. PLAINTIFF and other CALIFORNIA CLASS members were compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance.

33. The second component of PLAINTIFF'S and other CALIFORNIA CLASS members' compensation was DEFENDANT'S non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS members incentive

wages based on their performance for DEFENDANT. The non-discretionary bonus program provided all employees paid on an hourly basis with bonus compensation when the employees met the various performance goals set by DEFENDANT.

34. However, from time to time, when calculating the regular rate of pay in those pay periods where PLAINTIFF and other CALIFORNIA CLASS members redeemed sick pay and earned non-discretionary bonuses, DEFENDANT failed to accurately include the non-discretionary bonus compensation as part of the employee's "regular rate of pay". Management and supervisors described the incentive/bonus program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS members must be included in the "regular rate of pay." The failure to do so has resulted in a systematic underpayment of redeemed sick pay to PLAINTIFF and other CALIFORNIA CLASS members by DEFENDANT. Specifically, California Labor Code Section 246 mandates that paid sick time for non-exempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the non-exempt employee uses paid sick time. DEFENDANT'S conduct, as articulated herein, by failing to include the incentive compensation as part of the "regular rate of pay" for purposes of sick pay compensation was in violation of California Labor Code Section 246, the underpayment of which is recoverable under California Labor Code Sections 201, 202, and/or 203.

35. In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice, and procedure, intentionally and knowingly failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS at the correct rate of pay for all redeemed sick pay as required by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law. To the extent equitable

tolling operates to toll claims by the CALIFORNIA CLASS members against DEFENDANT, the CLASS PERIOD should be adjusted accordingly.

**G. Unlawful Deductions**

36. DEFENDANT, from time-to-time, unlawfully deducted wages from PLAINTIFF'S and CALIFORNIA CLASS members' pay without explanations and without authorization to do so or notice to PLAINTIFF and the CALIFORNIA CLASS members. As a result, DEFENDANT violated Labor Code Section 221.

**H. Timekeeping Manipulation**

37. During the CLASS PERIOD, DEFENDANT, from time-to-time, did not have an immutable timekeeping system to accurately record and pay PLAINTIFF and other members of the CALIFORNIA CLASS for the actual time PLAINTIFF and other members of the CALIFORNIA CLASS worked each day, including regular time. As a result, DEFENDANT was able to and did in fact, unlawfully, and unilaterally alter the time recorded in DEFENDANT'S timekeeping system for PLAINTIFF and other members of the CALIFORNIA CLASS in order to avoid paying these employees for all hours worked, and applicable sick pay.

38. As a result, PLAINTIFF and other members of the CALIFORNIA CLASS, from time to time, forfeited time worked by working without their time being accurately recorded and without compensation at the applicable pay rates.

39. As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS forfeited wages due to them for all hours worked at DEFENDANT'S direction, control and benefit for the time that the timekeeping system was inoperable. DEFENDANT'S uniform policy and practice to not pay PLAINTIFF and the members of the CALIFORNIA CLASS wages for all hours worked in accordance with applicable law is evidenced by DEFENDANT'S business records.

**I. Unlawful Rounding Practices**

40. During the CALIFORNIA CLASS PERIOD, DEFENDANT did not have in place an immutable timekeeping system to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS members for the actual time these employees worked each day. Specifically, DEFENDANT had in place an unlawful rounding policy and practice that resulted in PLAINTIFF and CALIFORNIA CLASS members being undercompensated for all their time worked. As a result, DEFENDANT was able to and did in fact unlawfully and unilaterally round the time recorded in DEFENDANT'S timekeeping system for PLAINTIFF and the members of the CALIFORNIA CLASS in order to avoid paying these employees for all their time worked. As a result, PLAINTIFF and other CALIFORNIA CLASS members, from time to time, forfeited compensation for their time worked by working without their time being accurately recorded.

**J. Violations for Untimely Payment of Wages**

41. Pursuant to California Labor Code Section 201, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Pursuant to California Labor Code Section 202, if an employee quits his or her employment, "his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." PLAINTIFF and the CALIFORNIA CLASS members were, from time to time, not timely provided the wages earned and unpaid at the time of their discharge and/or at the time of quitting, in violation of California Labor Code Sections 201 and 202.

42. As such, PLAINTIFF demands up to thirty days of pay as penalty for not timely paying all wages due at time of termination for all CALIFORNIA CLASS members whose employment ended during the CLASS PERIOD.

**K. Sick Pay Violations**

43. California Labor Code Section 246 (a)(1) mandates that "An employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified in this section." Further, California Labor Code Sections 246(b)-(d) provide for the sick day accrual requirements. From time to time, DEFENDANT failed to have a policy or practice in place to provide PLAINTIFF and other members of the CALIFORNIA CLASS with sick days and/or paid sick leave. As of January 1, 2024, DEFENDANT failed to adhere to the law in that they failed to provide and allow employees to use at least 40 hours or five days of paid sick leave per year.

44. California Labor Code Section 246(i) requires an employer to furnish its employees with written wage statements setting forth the amount of paid sick leave available. From time to time, DEFENDANT violated California Labor Code Section 246 by failing to furnish PLAINTIFF and other members of the CALIFORNIA CLASS with wage statements setting forth the amount of paid sick leave available.

**<u>L. Failure to Provide Personnel Files</u>**

45. On November 20, 2024, PLAINTIFF caused written requests via certified mail to be delivered to DEFENDANT for PLAINTIFF'S personnel and employment records, including but not limited to: (1) payroll records; (2) employment contracts; (3) itemized pay stubs; and (4) PLAINTIFF'S complete employment file.

46. DEFENDANT failed to provide and/or make available to PLAINTIFF their personnel records, payroll records, employment contract, and entire employment file within thirty (30) days of their requests stated above. In fact, as of the date of filing of this complaint, DEFENDANT has still failed to pay PLAINTIFF the statutory penalty in the amount of $750. DEFENDANT violated California Labor Code Section 1198.5 by failing to timely respond and provide PLAINTIFF with their employment file. Section 1198.5 states that employees (and former employees) have

the right to inspect personnel records maintained by the employer "related to the employee's performance or to any grievance concerning the employee." Employers must allow inspection or copying within thirty (30) days of the request. PLAINTIFF is now entitled to and requests a statutory penalty, and an award of attorneys' fees and costs for bringing this action.

47. Specifically, as to PLAINTIFF, DEFENDANT provided PLAINTIFF with paystubs that failed to comply with California Labor Code Section 226. Further, DEFENDANT also failed to reimburse PLAINTIFF for required business expenses related to the personal expenses incurred for the use of their personal cell phone, on behalf of and in furtherance of their employment with DEFENDANT. Additionally, DEFENDANT failed to provide and/or make available to PLAINTIFF their personnel records, payroll records, employment contracts, and entire employment file within (30) days of all their requests on November 20, 2024. To date, DEFENDANT has not fully paid PLAINTIFF the minimum wage compensation still owed to them, or any penalty wages owed to them under California Labor Code Section 203. The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

**CLASS ACTION ALLEGATIONS**

48. PLAINTIFF brings this Class Action on behalf of PLAINTIFF, and a California class defined as all persons who are or previously were employed by Defendant in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of the original Complaint and ending on the date as determined by the Court (the "CLASS PERIOD").

49. PLAINTIFF and the other CALIFORNIA CLASS members have uniformly been deprived of wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, failure to reimburse for business expenses, failure to compensate for off-the-clock work, failure to provide accurate

itemized wage statements, failure to maintain required records, and interest, statutory and civil penalties, attorney's fees, costs, and expenses.

50. The members of the class are so numerous that joinder of all class members is impractical.

51. Common questions of law and fact regarding DEFENDANT'S conduct, including but not limited to, off-the-clock work, failure to reimburse for business expenses, failure to provide accurate itemized wage statements, and failure to ensure they are paid at least minimum wage, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a. Whether DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA CLASS members at least minimum wage for all hours worked;

b. Whether DEFENDANT failed to compensate PLAINTIFF and the CALIFORNIA CLASS members for required business expenses;

c. Whether DEFENDANT issued legally compliant wage statements;

d. Whether DEFENDANT committed an act of unfair competition by systematically failing to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked;

52. PLAINTIFF is a member of the CALIFORNIA CLASS and suffered damages as a result of DEFENDANT'S conduct and actions alleged herein.

53. PLAINTIFFS' claims are typical of the claims of the CALIFORNIA CLASS, and PLAINTIFF has the same interests as the other members of the class.

54. PLAINTIFF will fairly and adequately represent and protect the interests of the CALIFORNIA CLASS members.

55. PLAINTIFF retained able class counsel with extensive experience in class action litigation.

56. Further, PLAINTIFF'S interests are coincident with, and not antagonistic to, the interest of the other CALIFORNIA CLASS members.

57. There is a strong community of interest among PLAINTIFF and the members of the CALIFORNIA CLASS to, inter alia, ensure that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained.

58. The questions of law and fact common to the CALIFORNIA CLASS members predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

59. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. Without class certification and determination of declaratory, injunctive, statutory, and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

a. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

b. Adjudication with respect to individual members of the CALIFORNIA CLASS which would, as a practical matter, be dispositive of the interests of the other members not party to the adjudication or substantially impair or impeded their ability to protect their interests.

/ / /

60. Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT.

**FIRST CAUSE OF ACTION**

**Unlawful Business Practices**

**(Cal. Bus. and Prof. Code §§ 17200, et seq.)**

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against DEFENDANT)**

61. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

62. DEFENDANT is a "person" as that term is defined under California Business and Professions Code Section 17021.

63. California Business and Professions Code Sections 17200, *et seq*. (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. (Cal. Bus. & Prof. Code § 17203).

64. By the conduct alleged herein, DEFENDANT has engaged and continues to engage in business practices which violate California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 201, 202, 203, 210, 558, 1194, 1197, 1197.1, 1198, and 2802, for which this Court should issue declaratory and other equitable relief pursuant to California Business and Professions Code Section 17203

as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

65. By the conduct alleged herein, DEFENDANT'S practices were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressively unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business and Professions Code, including restitution of wages wrongfully withheld.

66. By the conduct alleged herein, DEFENDANT'S practices were deceptive and fraudulent in that DEFENDANT'S uniform policy and practice failed to pay minimum wages owed, and failed to reimburse all necessary business expenses incurred, due to a systematic business practice that cannot be justified, pursuant to the applicable California Labor Code and Industrial Welfare Commission requirements in violation of California Business and Professions Code Sections 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to California Business and Professions Code Section 17203, including restitution of wages wrongfully withheld.

67. By the conduct alleged herein, DEFENDANT'S practices were also unlawful, unfair, and deceptive in that DEFENDANT'S employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

68. By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

69. All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive, and unscrupulous, were deceptive, and thereby constitute unlawful, unfair, and deceptive business practices in violation of California Business and Professions Code Sections 17200, *et seq.*

70. PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

71. PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair, and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

72. PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### Failure To Pay Minimum Wages

### (Cal. Lab. Code §§ 1194, 1197 and 1197.1)

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against DEFENDANT)**

73. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

74. PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim for DEFENDANT'S willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT'S failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS members.

75. California Labor Code Section 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

76. California Labor Code Section 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

77. DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA CLASS without regard to the correct amount of time they work. As set forth herein, DEFENDANT'S uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA CLASS.

78. DEFENDANT'S uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of implementing a uniform policy and practice that denies accurate compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS in regard to minimum wage pay.

79. In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the

CALIFORNIA CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

80. As a direct result of DEFENDANT'S unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

81. During the CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA CLASS were paid less for time worked than they were entitled to, constituting a failure to pay all earned wages.

82. By virtue of DEFENDANT'S unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them, and which will be ascertained according to proof at trial.

83. DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were under-compensated for their time worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA CLASS the correct minimum wages for their time worked.

84. In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously

toward PLAINTIFF and the other members of the CALIFORNIA CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

85. PLAINTIFF and the other members of the CALIFORNIA CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the CALIFORNIA CLASS members who have terminated their employment, DEFENDANT'S conduct also violates Labor Code Sections 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under California Labor Code Section 203, which penalties are sought herein on behalf of these CALIFORNIA CLASS members. DEFENDANT'S conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA CLASS members are entitled to seek and recover statutory costs.

**THIRD CAUSE OF ACTION**

**Failure To Provide Accurate Itemized Statements**

**(Cal. Lab. Code § 226)**

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against DEFENDANT)**

86. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

87. California Labor Code Section 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

a. Gross wages earned,

b. total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

c. the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

d. all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

e. net wages earned,

f. the inclusive dates of the period for which the employee is paid,

g. the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number of an employee identification number other than social security number may be shown on the itemized statement,

h. the name and address of the legal entity that is the employer, and

i. all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

88. DEFENDANT failed to provide itemized wage statements to PLAINTIFF and members of the CALIFORNIA CLASS that complied with the requirements of California Labor Code Section 226(a)(1)-(9).

89. DEFENDANT knowingly and intentionally failed to comply with California Labor Code Section 226(a)(1)-(9), causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA CLASS. These damages include, but are not limited to, costs expended calculating the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA CLASS may elect to recover liquidated damages of fifty dollars

($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to California Labor Code Section 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA CLASS herein).

**FOURTH CAUSE OF ACTION**

**Failure To Pay Wages When Due**

**(Cal. Lab. Code § 203)**

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against DEFENDANT)**

90. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

91. California Labor Code Section 200 provides that:

As used in this article:

(d) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

(e) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

92. California Labor Code Section 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

93. California Labor Code Section 202 provides, in relevant part, that:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests

> and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

94. There was no definite term in PLAINTIFF'S or any CALIFORNIA CLASS members' employment contract.

95. California Labor Code Section 203 provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

96. The employment of PLAINTIFF and many CALIFORNIA CLASS members terminated, and DEFENDANT has not tendered payment of all wages to these employees, including payment of all redeemed sick pay, as required by law.

97. Therefore, as provided by California Labor Code Section 203, on behalf of themselves and the members of the CALIFORNIA CLASS whose employment has ended, PLAINTIFF demands up to thirty (30) days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CLASS PERIOD and demand an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

**<u>FIFTH CAUSE OF ACTION</u>**

**Failure To Reimburse Employees for Required Expenses**

**(Cal. Lab. Code §§ 2802)**

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against DEFENDANT)**

98. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

99. California Labor Code Section 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the

discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

100. From time to time during the CLASS PERIOD, DEFENDANT violated California Labor Code Section 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT'S benefit. DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA CLASS members for expenses which included, but were not limited to, the use of their personal cell phones, all on behalf of and for the benefit of DEFENDANT. Specifically, DEFENDANT required PLAINTIFF and other CALIFORNIA CLASS members to use their personal cell phones, to execute their essential job duties on behalf of DEFENDANT. DEFENDANT'S uniform policy, practice and procedure was to not reimburse PLAINTIFF and the CALIFORNIA CLASS members for expenses resulting from the use of their personal cell phones, within the course and scope of their employment for DEFENDANT. These expenses were necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT'S conduct to assert any waiver of this expectation. Although these expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

101. PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by them and the CALIFORNIA CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under California Labor Code Section 2802.

## SIXTH CAUSE OF ACTION

**Failure To Permit Inspection of Employee Records**

**(Cal. Lab. § 1198.5)**

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

102. PLAINTIFF and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

103. Labor Code § 1198.5 states that employees (and former employees) have the right to inspect personnel records maintained by the employer "related to the employee's performance or to any grievance concerning the employee." Employers must allow inspection or copying within thirty (30) days of the request.

104. On November 20, 2024, PLAINTIFF caused written requests via certified mail to be delivered to DEFENDANT for PLAINTIFF'S personnel and employment records, including but not limited to: (1) payroll records; (2) employment contracts; (3) itemized pay stubs; and (4) PLAINTIFF'S complete employment file.

105. DEFENDANT failed to provide and/or make available to PLAINTIFF their personnel records, payroll records, employment contract, and entire employment file within thirty (30) days of their requests stated above. In fact, as of the date of filing of this complaint, DEFENDANT has still failed to pay PLAINTIFF the statutory penalty in the amount of $750.

106. PLAINTIFF is now entitled to and requests a statutory penalty, and an award of attorneys' fees and costs for bringing this action.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, PLAINTIFF prays for a judgment against all DEFENDANT, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

   a. That the Court certify the First Cause of Action asserted by the

CALIFORNIA CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

b. An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

c. An order requiring DEFENDANT to pay all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and

d. Restitutionary disgorgement of DEFENDANT'S ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT'S violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2. On behalf of the CALIFORNIA CLASS:

a. That the Court certify the Second, Third, Fourth, Fifth, and Sixth Causes of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

b. Compensatory damages, according to proof at trial, during the applicable CLASS PERIOD plus interest thereon at the statutory rate;

c. The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of California Labor Code Section 226;

d. The wages of all terminated employees from the CALIFORNIA CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with California Labor Code Section 203.

e. The amount of the expenses PLAINTIFF and each member of the CALIFORNIA CLASS incurred in the course of their job duties, plus interest, and costs of suit.

3. On the Sixth Cause of Action

a. For an award of statutory damages as plead pursuant to Labor Code § 1198.5

4. On all claims:

a. An award of interest, including prejudgment interest at the legal rate;

b. Such other and further relief as the Court deems just and equitable; and

c. An award of penalties, attorneys' fees, and costs of suit, as allowable under the law, including and pursuant to, but not limited to, California Labor Code Sections 218.5, 226, 246 and/or 1194.

DATED: September 30, 2025

**JCL LAW FIRM, APC**

By: __/s/ Jean-Claude Lapuyade____
Jean-Claude Lapuyade, Esq.
Attorney for PLAINTIFF

## DEMAND FOR A JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

DATED: September 30, 2025

**JCL LAW FIRM, APC**

By: __/s/ Jean-Claude Lapuyade____
Jean-Claude Lapuyade, Esq.
Attorney for PLAINTIFF